IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP ANTHONY GOODMAN, TDCJ #709999, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2575 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Phillip Anthony Goodman (TDCJ #709999) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") pursuant to a state court judgment entered against him in 1994. Goodman has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge the revocation of his parole in 2011. The court issued an order directing Goodman to show cause why his Petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) (Docket Entry No. 4). Goodman has filed a response, arguing that there is "'good cause' why this case should not be dismissed" ("Petitioner's Response") (Docket Entry No. 6). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

## I. Background

On January 31, 1994, Goodman was convicted and sentenced to thirty years' imprisonment in the 184th District Court of Harris County, Texas.[1] At some point Goodman was released from prison on parole, which was revoked in a proceeding held at the Byrd Unit in Huntsville on February 7, 2011.[2] Goodman states that his parole was revoked after he violated the terms of his supervised release by committing a new offense, which resulted in a misdemeanor conviction for battery.[3]

Goodman's Petition, which is dated August 16, 2017, asserts several overlapping grounds for relief from the parole revocation under 28 U.S.C. § 2254.[4] He argues primarily that his return to prison, instead of an alternative placement in an intermediate sanction facility, constitutes cruel and unusual punishment in violation of the Eighth Amendment.[5] Goodman also argues that he was denied the opportunity to confront or cross-examine the victim of the battery that resulted in his misdemeanor conviction and that

---

[1] See Petition, Docket Entry No. 1, p. 2; see also Texas Department of Criminal Justice, Offender Details, available at: http://www.offender.tdcj.texas.gov (last visited on October 10, 2017) (reflecting that Goodman received his thirty-year sentence as the result of a conviction for aggravated robbery in Harris County cause number 679524).

[2] See Petition, Docket Entry No. 1, p. 5.

[3] See id. at 6.

[4] See id. at 6-7.

[5] See id. at 6.

his revocation was not based on sufficient evidence because the victim did not testify at his revocation hearing.[6]

## II. Statute of Limitations

As explained in the court's Order to Show Cause,[7] this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)). Goodman's parole revocation occurred on February 7, 2011. The AEDPA limitations period commenced to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Sanford v. Thaler, 481 F. App'x 202, 203, 2012 WL 2937467, *1 (5th Cir. 2012) (per curiam) (citations omitted). Because all of the facts underlying Goodman's claims were available at the time his parole was revoked, the revocation date triggered the AEDPA statute of limitations, which expired one year later on February 7, 2012. See 28 U.S.C. § 2244(d)(1)(D). Goodman's Petition, which is dated August 16, 2017, is more than five years late.

---

[6]See id. at 7.

[7]Order to Show Cause, Docket Entry No. 4, p. 3.

Goodman filed two state habeas corpus applications to challenge his parole revocation in 2016,[8] which the Texas Court of Criminal Appeals denied on November 12, 2016, and August 2, 2017, respectively.[9] A properly filed state application for collateral review typically extends or tolls the AEDPA statute of limitations for the time during which the state application is pending. See 28 U.S.C. § 2244(d)(2). Because Goodman's state habeas applications were filed well after the limitations period had already expired, however, those applications have no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Goodman does not satisfy any other criteria for statutory tolling. He does not invoke 28 U.S.C. § 2244(d)(1)(B) or show that he was subject to state action that prevented him from filing a timely petition. There is no showing of a newly recognized constitutional right upon which the Petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. §2244(d)(1)(C), (D). Thus, there is no statutory basis to save Goodman's late-filed claims.

---

[8] Petition, Docket Entry No. 1, pp. 3-4.

[9] See id.

To the extent that Goodman contends that there is "good cause" to excuse his untimely Petition, the court construes his argument as a request for equitable tolling. The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1818 (2005)).

Goodman meets neither criteria for equitable tolling because he does not allege facts showing that he pursued his rights with due diligence or that he was prevented from doing so by extraordinary circumstances beyond his control. Instead, Goodman blames the delay in this case on his status as a pro se litigant and his lack of legal knowledge.[10] The Fifth Circuit has held, however, that pro se status and ignorance of the law do not excuse an inmate's failure to file a timely habeas petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d

---

[10] Petitioner's Response, Docket Entry No. 6, p. 1.

710, 714 (5th Cir. 1999); see also Tate v. Parker, 439 F. App'x 375, 376 (5th Cir. 2011) (Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library are not generally sufficient to warrant equitable tolling.).

Although the statute of limitations is an affirmative defense, district courts may raise the defense sua sponte and dismiss a petition without requiring an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 of the Rules Governing Cases Filed Under 28 U.S.C. § 2254). A district court may dismiss a petition as untimely on its own initiative where it gives the petitioner fair notice and an opportunity to respond. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). Having notified Goodman of the statute of limitations that applies in this case and given him an opportunity to respond, the court concludes that dismissal is warranted because the Petition is untimely and there is no basis to toll the statute of limitations. Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 2244(d)(1) as time-barred.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Phillip Anthony

Goodman (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by 28 U.S.C. § 2244(d)(1).

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 12th day of October, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE